**In the Disciplinary Matter Involving
Wevley William SHEA,
Appellant.**

**No. S–14014.**

Supreme Court of Alaska.

May 18, 2011.

### Order

The Disciplinary Board of the Alaska Bar Association, based on its adoption of an area hearing committee's findings of fact and conclusions of law and a final report of recommended sanctions, recommended that attorney Wevley William Shea be suspended from the practice of law for 25 months and be subject to certain conditions for reinstatement. Shea appealed that recommendation.

We review disciplinary recommendations under Alaska Bar Rule 22(r).[1] We indepen-

---

**47.** *Mitchell v. Teck Cominco Alaska Inc.*, 193 P.3d 751, 761 (Alaska 2008).

**1.** Alaska Bar Rule 22(r) (stating that this court "will review findings of fact, conclusions of law,

dently review the record, but give great weight to the Disciplinary Board's findings of fact.[2] We apply our independent judgment to questions of law and the appropriateness of sanctions,[3] "guided but not constrained by the American Bar Association's Standards for Imposing Lawyer Sanctions and by the sanctions imposed in comparable disciplinary proceedings."[4]

The Area Hearing Committee, and, by adoption, the Disciplinary Board, found by clear and convincing evidence that Shea violated Alaska Rules of Professional Conduct 1.9(a) (conflict of interest), 3.1 and 3.3 (false statements of fact in court pleadings), and 4.4 (unprofessional pleadings). After reviewing the record and giving due weight to the relevant findings of fact, we agree those violations were proved by clear and convincing evidence.

The Area Hearing Committee, and, by adoption, the Disciplinary Board, recommended, in relevant part, that: (1) Shea be suspended from the practice of law in Alaska for 25 months; (2) prior to reinstatement, Shea be required to comply with Bar Rule 29(c)(1);[5] and (3) prior to applying for reinstatement, Shea be required to demonstrate that he has "the character and fitness to practice law by meeting the ... requirements of Alaska Bar Rule 2, Sec[tion] 1(d)," and "via evidence from a psychiatrist or psychologist, that [he] is mentally fit to return to the practice of law."[6] Applying our independent judgment to the appropriateness of this sanction, we adopt the recommended discipline.

**IT IS ORDERED** that Wevley William Shea is suspended from the practice of law in Alaska for 25 months effective June 17, 2011,

subject to the stated conditions for reinstatement.

An opinion will follow.

Entered at the direction of the court.

CHRISTEN, Justice, not participating.

---

and recommendations of discipline made by the [Disciplinary] Board").

2.  *In re Cyrus*, 241 P.3d 890, 892 (Alaska 2010).

3.  *Id.*

4.  *Id.* at 893–94 (quoting *In re Friedman*, 23 P.3d 620, 625 (Alaska 2001)) (internal quotation marks omitted).

5.  Alaska Bar Rule 29(c)(1) provides that an attorney suspended for more than two years must petition for reinstatement and demonstrate, by

clear and convincing evidence, that the petitioner "has the moral qualifications, competency, and knowledge of law required for admission" and that his "resumption of the practice ... will not be detrimental to the integrity and standing of the Bar, or to the administration of justice, or subversive of the public interest."

6.  Alaska Bar Rule 2, Section 1(d) sets out "character and fitness" standards for application to membership in the Bar.